# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

COURTNEY HAYNES,
Petitioner,

vs

WARDEN, NORTH CENTRAL
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:12-cv-860

Bertelsman, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the North Central Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's motion to dismiss, petitioner's response in opposition and respondent's reply. (Docs. 2, 8, 9, 10).

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals, Twelfth Appellate District, set forth the following summary of facts resulting in petitioner's conviction and sentence:

> On the evening of May 20, 2010, L.P., a single mother living with her four-year-old daughter in a Butler County apartment complex, awoke to find her bedroom lights on and a "very large" silhouette standing in the doorway. Dazed at first, L.P. laid in bed and watched as the large silhouette turned off the overhead lights, exited the room, and closed the door. Wanting to investigate the matter further, and feeling the need to check on her daughter, L.P. wrapped herself in a blanket, exited her bedroom, and walked into the hallway.
>
> Upon exiting her bedroom and noticing her daughter's bedroom door was closed, L.P. turned down the hallway when she was confronted by what she described as a "very large man, African American, close cropped hair wearing a dark t-shirt and very large, just large" who asked her if she was "Angela" and "if this was apartment number 304." After telling the man that he was in the wrong apartment and demanding for him to leave, the man began to walk towards the open back patio door when he suddenly turned around, threw L.P. to the floor, and raped her. After the attack was complete, during which time L.P. struggled mightily, the man fled from the apartment through the back patio door and L.P. called the police.
>
> Once the police arrived, and after she was able to compose herself, L.P. informed

> the police that she "was very, very sure" her attacker was "the man [she] was having problems with previously," which included, among other things, several confrontations regarding loud noise coming from his nearby apartment. Approximately 30 minutes later, after a police K-9 unit traced a recent scent from L.P.'s back patio door to the front of appellant's apartment building, L.P. positively identified appellant, an African American male standing approximately six feet two inches tall and weighing 280 pounds, as the man who attacked her. Thereafter, appellant, who had a fresh scratch on his arm, was arrested and charged with one count of aggravated burglary and one count of rape, both first-degree felonies.

(Doc. 8, Ex. 10, pp. 1-2).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

On June 23, 2010, the Butler County, Ohio, grand jury returned a two-count indictment against petitioner, charging him with one count of rape and one count of aggravated burglary. (Doc. 8, Ex. 1). On July 12, 2010, petitioner entered a not guilty plea to all counts of the indictment. (Doc. 8, Ex. 2).

Following a jury trial, petitioner was found guilty of all charges. (Doc. 8, Ex. 3). On September 8, 2010, petitioner was sentenced to a total aggregate sentence of 9 years of incarceration. (Doc. 8, Ex. 5).

### Direct Appeal

Petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 8, Ex. 6). In his appellate brief, petitioner raised the following three assignments of error:

> 1. THE DISTRICT COURT ERRED IN PERMITTING THE INTRODUCTION OF SUBSTANTIVE EVIDENCE THROUGH IMPEACHMENT.
>
>    Issue Presented for Review: The trial court erred in permitting the State of Ohio to introduce Rhonda Schmidt's inconsistent prior statements as

2

>    substantive evidence of guilt and by failing to provide a proper limiting instruction.
>
> 2. APPELLANT HAYNES WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY THE FAILURE TO FILE A MOTION TO SUPPRESS AND REQUEST A LIMITING INSTRUCTION.
>
>    First Issue Presented for Review: Appellant Haynes was denied effective assistance of counsel because his trial counsel failed to attempt to suppress an improperly suggestive pretrial lineup.
>
>    Second Issue Presented for Review: Appellant Haynes was denied the effective assistance of counsel by trial counsel's failure to object to the admission of statements from Rhonda Schmidt's statement to police officers and by failing to seek a limiting instruction as to the use of Schmidt's statement.
>
> 3. THE TRIAL COURT ERRED IN FAILING TO PROVIDE APPELLANT WITH HIS RIGHT TO ALLOCUTION.
>
>    Issue Presented for Review: The trial court erred in not providing Appellant Haynes with his constitutional right to allocution by not addressing him personally and by not asking Haynes whether he wished to make a statement on his own behalf or present information in mitigation.

(Doc. 8, Ex. 7). On November 7, 2011, the Ohio Court of Appeals affirmed petitioner's conviction but reversed and remanded the case for resentencing. (Doc. 8, Ex. 10). On November 21, 2011, the trial court conducted a resentencing hearing pursuant to the Ohio appellate court's November 7, 2011 decision. Petitioner again received a total aggregate sentence of 9 years of incarceration. (Doc. 8, Ex. 11).

### Delayed Appeal to the Ohio Supreme Court

On February 9, 2012, petitioner filed a pro se notice of delayed appeal to the Ohio Supreme Court. (Doc. 8, Ex. 12, 13). Petitioner provided the following reasons for the untimely appeal:

3

1. Appellant's appellate counsel was going to pursue a timely appeal, but then informed Appellant that she would not be doing so, leaving Appellant to seek other counsel.

2. Appellant sought assistance from the Ohio Public Defender who did not inform Appellant that their office could not assist him with his timely appeal until a letter dated 12/9/2011, which was not delivered to Appellant by the Legal Mail procedures until several days later.

3. Appellant could not get adequate access to the Law Library at North Central Correctional Institution due to security concerns which have restricted inmate movement.

(Doc. 8, Ex. 13). The Ohio Supreme Court denied petitioner's motion for a delayed appeal on March 21, 2012. (Doc. 8, Ex. 14).

## Federal Habeas Corpus

Petitioner filed a pro se petition for a writ of habeas corpus on November 8, 2012. (Doc. 1). Therein, petitioner raises the following three grounds for relief:

> **GROUND ONE**: The trial court erred in permitting the State of Ohio to introduce Rhonda Schmidt's inconsistent prior statements as substantive evidence of guilt and by failing to provide a proper limited . . . limiting (sic) instruction as to how the statement could/should be used.
>
> **GROUND TWO:** Petitioner Haynes was denied effective assistance of counsel because his trial counsel failed to attempt to suppress an improperly suggestive pre-trial line-up.
>
> **GROUND THREE:** Petitioner Haynes was denied effective assistance of counsel by trial counsel failing to object to the admission of statements from Rhonda Schmidt's statement to police officers and by failing to seek a limiting instruction as to the use of Schmidt's statement.

(Doc. 1).

Respondent has filed a motion to dismiss the petition. (Doc. 8). According to respondent, the petition should be dismissed because petitioner procedurally defaulted his

4

grounds for relief by failing to submit a timely appeal to the Ohio Supreme Court. *Id.*

### III. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had

6

the opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr*, 265 F.3d 407,

417 (6th Cir. 2001) (in turn quoting *Maupin*)), *cert. denied,* 131 S.Ct. 2117 (2011); *see also Johnson v. Bradshaw,* 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner,* 622 F.3d at 495 (citing *Maupin,* 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a procedural default when he failed to perfect a timely appeal to the Ohio Supreme Court. Although petitioner did seek leave to file a delayed appeal with the state's highest court, the court refused to allow the appeal by summarily denying the motion. (*See* Doc. 8, Ex. 14). The Sixth Circuit has held that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see generally Harris,* 489 U.S. at 260-62. In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein). The court explained:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Bonilla,* 370 F.3d at 497.

As in *Bonilla*, petitioner failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he did not provide adequate reasons for his delay in filing. *See id.* In this case, as in *Bonilla,* the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *Id.* In such circumstances, it must be assumed that the state supreme court enforced the applicable procedural bar to review. *Id.* (citing *Sparkman,* 94 F.3d at 203).

Because petitioner failed to comply with a state procedural rule, which was relied on by the Ohio Supreme Court in denying his motion for delayed appeal, the Ohio Supreme Court was not provided with an opportunity to consider the merits of any of his claims for relief. Therefore, this Court's review of petitioner's claims is barred unless petitioner "can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bonilla,* 370 F.3d at 497 (quoting *Coleman,* 501 U.S. at 750).

As cause for his failure to file a timely appeal to the Ohio Supreme Court, petitioner first claims that he was prevented from filing a timely appeal because of inadequate access to the law

9

library. (Doc. 9, p. 2). According to petitioner, the North Central Correctional Center administration locked the facility down due to security concerns. *Id.* Petitioner has also stated that he "did not understand that even though his case was remanded back to the trial court for re-sentencing, he was still required to appeal to the Ohio Supreme Court on the other issues with in the required time limit pursuant to the Ohio Supreme Court rules." (Doc. 2, Memorandum p. 10). The petitioner in *Bonilla* also argued that inadequate library access and his pro se status, amongst other factors, constituted cause for his failure to timely appeal to the Ohio Supreme Court. In rejecting the petitioner's claims, the Sixth Circuit held that the petitioner's pro se status, limited access to the prison law library, and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause. *Bonilla,* 370 F.3d at 498. In this case, petitioner did not file a merits brief with his delayed appeal, nor was he required to do so. *See* Ohio S. Ct. Prac. R. 7.01(4)(b). Petitioner has therefore failed to explain why he required additional time to conduct legal research pertaining to the issues that had already been briefed by his appellate counsel on direct appeal or demonstrate that limited access to the law library actually prevented him from filing a timely appeal to the Ohio Supreme Court. *See Bonilla,* 370 F.3d at 498.

Second, petitioner claims that the ineffective assistance of counsel constitutes cause for his default. Petitioner claims that "appellate counsel never told him he would not be filing [petitioner]'s appeal to the Ohio Supreme Court until it was too late to file a timely appeal." (Doc. 9, p. 2). He further states that the Ohio Public defender "hesitated" in responding to his request for assistance. *Id.*

Petitioner has failed to establish cause to excuse the default of his grounds for relief. Ineffective assistance of counsel may constitute cause for a procedural default. *See, e.g., Murray,* 477 U.S. at 488. However, attorney error cannot constitute cause where there is no constitutional entitlement to counsel, such as on discretionary appeal to the Ohio Supreme Court. *See Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1804550, at *1-2 (S.D. Ohio June 28, 2006) (quoting *Smith v. Ohio Dep't of Rehab. & Corr.,* 331 F. Supp.2d 605, 620 (N.D. Ohio 2004) (citing *Coleman,* 501 U.S. at 751-53)). In order for the ineffective assistance of appellate counsel to serve as cause to excuse a procedural default petitioner must show that his appellate counsel's failure to raise the claims rose to the level of a constitutional violation under *Strickland v. Washington,* 466 U.S. 668 (1984). *McFarland v. Yukins,* 356 F.3d 688, 699 (6th Cir. 2004). To establish that his appellate attorney was ineffective, petitioner must demonstrate that (1) counsel made such serious errors he was not functioning as "counsel" guaranteed by the Sixth Amendment; and (2) the allegedly deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Although not directly on point, *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 434-35 (6th Cir. 2006), is instructive. In *Smith,* the petitioner argued that his appellate counsel was ineffective for failing to notify petitioner of the Ohio Court of Appeals' decision denying his direct appeal and that counsel's ineffective assistance constituted cause for his failure to timely appeal to the Ohio Supreme Court. The *Smith* court found counsel's failure to inform petitioner of his appellate decision until three days before his appeal to the Ohio Supreme Court was due constituted constitutionally deficient performance. *Id.* However, in assessing whether counsel's deficient performance resulted in prejudice, the Sixth Circuit found the relevant inquiry to be

11

whether "there is a reasonable probability that, but for counsel's deficient failure to notify [petitioner] of the Ohio Court of Appeals decision, [petitioner] would have timely appealed to the Ohio Supreme Court." *Id.* at 435 (internal quotation marks removed) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). "[I]f the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she 'would have timely appealed' the decision." *Id.* (emphasis in original) (citing *Flores-Ortega*, 528 U.S. at 485). Because the petitioner in *Smith* waited approximately five months after counsel notified him of the outcome of his appeal, the court found that petitioner failed to establish that he was prejudiced by counsel's failure to notify him and could not rely on counsel's deficient performance to overcome his procedural default. *Id.* at 435-36.

In the instant case, even assuming that petitioner had a constitutional right to counsel in the circumstances alleged, petitioner has failed to demonstrate that he was actually prejudiced by counsel's performance. Petitioner had forty-five days to appeal from the Ohio Court of Appeals' November 7, 2011 judgment entry. (*See* Doc. 8, Ex. 10). In his motion for a delayed appeal to the Ohio Supreme Court, petitioner claimed that his "appellate counsel was going to pursue a timely appeal, but then informed Appellant that she would not be doing so, leaving Appellant to seek other counsel." (Doc. 8, Ex. 13, p. 3). Petitioner also indicated that he sought out the assistance of the Ohio Public Defender, who he claims did not inform him that they could not assist him with his appeal "until a letter dated 12/9/2011, which was not delivered to Appellant by the Legal Mail procedures until several days later." *Id.* Despite being informed that his

12

appellate counsel and the Ohio Public Defender would not file an appeal on his behalf, petitioner waited until February 9, 2012, sixty-two days after the public defender's December 9, 2011 letter, to file his appeal. Therefore, even if petitioner did not receive the letter until several days later it appears that petitioner failed to appeal the Ohio appellate court decision within forty-five days of receipt of the letter. Accordingly, petitioner has failed demonstrate that he was prejudiced by his counsel's allegedly deficient performance or, in other words, that there was a reasonable probability that he would have timely appealed if not for counsel's failure to timely notify him that counsel would not file the appeal on his behalf. *See Smith*, 463 F.3d at 436. Accordingly, petitioner cannot rely on the ineffective assistance of appellate counsel as being cause to overcome the procedural default of his claims for habeas relief. *See id.*

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray*, 477 U.S. at 495-96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural default, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327-28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the

new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard as he has not supported his allegations of constitutional error with any new evidence of actual innocence. Petitioner's habeas petition and traverse focus solely on his constitutional claims. (*See* Docs. 2, 9). Accordingly, the Court is unable to reach the merits of his claims. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316. Therefore, petitioner has not demonstrated that his procedural default should be excused under the "fundamental miscarriage of justice" exception.

Accordingly, in sum, the Court concludes that petitioner has procedurally defaulted his claims for relief by failing to fairly present the claims to the Ohio Supreme Court. Because petitioner has not demonstrated "cause" for his procedural default or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, the undersigned concludes that petitioner has waived his claims for federal habeas relief. Therefore, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 8) be **GRANTED,** and petitioner's petition for writ of habeas corpus (Doc. 2) be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismissed (Doc. 8) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/15/13

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. See Slack, 529 U.S. at 484.

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

COURTNEY HAYNES,
    Petitioner,

vs

WARDEN, NORTH CENTRAL
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-860

Bertelsman, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Courtney Hayes #638-479
North Central Corr. Inst.
PO Box 1812
Marion, OH 43302

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)   7011 3500 0001 5345 9336

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540